UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **REGINALD SIMPSON** | **CASE NO. 6:23-CV-00390** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **KNIGHT SPECIALTY INSURANCE CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION FOR REMAND filed by plaintiff Reginald Simpson ("Simpson") (Rec. Doc. 9). Defendant Knight Specialty Insurance Company ("Knight") opposes remand. (Rec. Doc. 15). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, this Court recommends that Simpson's motion be GRANTED and, accordingly, that Simpson's suit be REMANDED to the 15th Judicial District Court, Lafayette Parish, Louisiana.

**Factual Background**

This suit arises out of an automobile accident on March 17, 2022, in which Simpson claims he was traveling Interstate 10 in East Baton Rouge Parish, Louisiana when an eighteen-wheeler driven by defendant Gerry Schmidt ("Schmidt") collided with him, causing damage to Simpson's vehicle and bodily injury to Simpson. (Rec. Doc. 1-3 at ¶ 3). Simpson filed suit against Schmidt, Challa Workineh ("Workineh"), Kelu Express, LLC ("Kelu"), Blue Hill Specialty Insurance Company ("Blue Hill"), and Knight in the 15th Judicial District Court for the Parish of Lafayette, Louisiana on February 16, 2023. (*Id.*, generally). Knight removed the suit to the Western District of Louisiana on the basis of diversity jurisdiction under 28 U.S.C. § 1441. (Rec. Doc. 1 at ¶ 16). A written consent to removal executed by Blue

Hill was attached to Knight's Notice of Removal. (Rec. Doc. 1-4). The Notice of Removal asserts that only Knight and Blue Hill were properly served and, for this reason, Schmidt, Workineh, and Kelu need not consent. (Rec. Doc. 1 at ¶¶ 3–5). If and when these defendants are properly served, counsel for Knight asserts that he will represent these parties and "without waiving the formal requirements of service of process," purports to consent to removal on behalf of Schmidt, Workineh, and Kelu. (*Id.*).

Simpson filed the instant motion seeking remand of this suit to the 15th Judicial District Court, alleging that the lack of consent to removal by defendants Schmidt, Workineh, and Kelu violates the "rule of unanimity." (Rec. Doc. 9). All necessary briefs have been filed and the arguments of the parties are addressed in turn.

## Law and Analysis

28 U.S.C. § 1446 permits removal of a suit from state court to federal district court within thirty days after service of summons on the defendant. Where multiple defendants are named, the thirty-day period runs from the date of service to the first defendant. All served defendants must then file written consent to removal within thirty days from service to the first defendant. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988) (internal citations omitted).

La. R.S. 13:3204(A) permits service on a nonresident defendant by sending a certified copy of the citation and complaint by certified mail, instructing, in part,

> a certified copy of the citation…and the petition…shall be sent by counsel for the plaintiff…to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

2

Knight's Notice of Removal attached affidavits of service as to Schmidt, Workineh, and Kelu. (Rec. Docs. 1-10, -11, -12). These affidavits contain an attestation of service via certified U.S. Mail and tracking slips issued as to each mailing. (*Id.*). Knight's argument against remand is based on its contention that none of these three defendants have actually received these mailings. (Rec. Doc. 15 at p. 5). Knight adds that information available from the U.S. Postal Service "indicates that the certified mail has still not been delivered to any of the non-resident defendants" as of the date of its opposition. (*Id.*).

Proper service under Louisiana's long arm statute does not require proof of delivery. *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. App. 1 Cir. 1/19/1996). Courts within the Fifth Circuit interpreting this provision uniformly conclude that service is perfected when, in the absence of some evidence that it was sent to the wrong address, a plaintiff offers proof that a certified copy of the summons and complaint were mailed by registered or certified mail. *River Healthcare, Inc. v. Baylor Miraca Genetics Labs., LLC*, 2023 WL 2542332 at *9 (M.D. La. 3/16/2023) (citing, *inter alia*, *Trimble v. Strength*, 2022 WL 636729 at *3 (M.D. La. 1/25/22) (internal citations omitted)). Knight offers no argument or evidence tending to show that Simpson's certified mailings were addressed incorrectly. Thus, this Court has no basis on which to deem Simpson's service of process defective in this case.

Having been properly served under Louisiana's long arm statute, under § 1446 defendants Schmidt, Workineh, and Kelu had 30 days from the date upon which the last defendant among them was served to consent in writing to removal. 28 U.S.C. § 1446(b)(2)(B). The record contains no filed consents to removal from any of these defendants. Thus, Knight's removal is procedurally defective, having violated the rule of unanimity. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988). Remand is proper and will be recommended.

## Conclusion

For the reasons discussed herein, the Court recommends that Reginald Simpson's MOTION FOR REMAND (Rec. Doc. 9) be GRANTED based on this Court's determination that defendant Knight Specialty Insurance Company's removal was procedurally defective under 28 U.S.C. § 1446. Accordingly, it is further recommended that Simpson's suit be REMANDED to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 14th day of February, 2024.

_____
David J. Ayo
United States Magistrate Judge